UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

DONNIE CHIKEZIE LEUNG TAT,

      Plaintiff,

v.

GARY AMUNDSON, individually,
and SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida,

      Defendants.
_____/

## COMPLAINT

1.    This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against GARY AMUNDSON, individually, and SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

2.    This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3.    Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

4. Plaintiff DONNIE CHIKEZIE LEUNG TAT is a resident of Broward County, State of Florida.

5. At all times referred to herein, Defendant GARY AMUNDSON [hereinafter Defendant AMUNDSON] was acting under color of law as a deputy sheriff for SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

6. Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, is the Sheriff of Broward County, Florida [hereinafter Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, Florida, or Defendant BROWARD SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, acted through its agents, employees, and servants, including Defendant AMUNDSON, and others.

7. Plaintiff sues Defendant AMUNDSON in his individual capacity.

**FACTS**

8. On July 4, 2014, Plaintiff traveled by bicycle to the boardwalk adjacent to the Deerfield Beach Café, located at or near 202 NE 21st Avenue, Deerfield Beach, Broward County, Florida, to celebrate the 4th of July and enjoy the fireworks display.

9. Plaintiff was looking for a lighter to lite a cigarette and recognized an acquaintance in the restaurant, where Plaintiff previously worked as a chef.

10. Plaintiff borrowed the lighter and was immediately accosted by a Spanish speaking restaurant patron near an outside table.

11. Plaintiff does not speak Spanish and advised the patron that he did not understand her, whereupon a second female from the same table approached Plaintiff and stated: "You can't f'---ing

smoke here."

12. The second female patron then swung at Plaintiff, and in the process knocked the cigarette from Plaintiff. (The incident was witnessed by a restaurant employee, who said nothing and subsequently denied seeing anything)

13. Plaintiff responded to the second female by stating: "If you have a problem talk to me– please don't put your hands on me."

14. Plaintiff was then approached by one of the restaurant managers, who advised Plaintiff to just walk away. Plaintiff complied, and moved to an area away from the tables.

15. Plaintiff was subsequently grabbed by the left arm and shoved by Defendant AMUNDSON, who told Plaintiff that he "needed to leave."

16. Plaintiff very respectfully advised Defendant AMUNDSON that he had no right to physically accost him.

17. Defendant AMUNDSON repeated that Plaintiff "needed to leave."

18. Plaintiff agreed to voluntarily leave, and explained to Defendant AMUNDSON that he had his bicycle and backpack, stating: "Let me grab my stuff and I'll leave."

19. Defendant AMUNDSON responded by shoving Plaintiff a second time, whereupon Plaintiff raised his hands above his head (in the universal sign of surrender and submission).

20. Plaintiff was then tackled to the ground and arrested for disorderly conduct and resisting arrest without violence, in the absence of probable cause that he committed any criminal offense.

21. Plaintiff was then transported to jail, for incarceration.

22. The following day, Plaintiff returned to the area of his arrest and was advised that the restaurant manager denied seeing anything, and the server for the table where Plaintiff was accosted

informed Plaintiff that her manager instructed her not to say anything.

23. On February 18, 2015, Defendant AMUNDSON was arrested for perjury in an official proceeding, in an unrelated arrest. Defendant AMUNDSON was acquitted on November 19, 2015.

24. Notwithstanding Defendant AMUNDSON's acquittal on November 19, 2015, the Broward County State Attorney's Office filed a nolle prosequi as to all charges against Plaintiff on April 21, 2016 , and Plaintiff has never been convicted by any prosecuting authority of any criminal offense as a result of his arrest by Defendant AMUNDSON.

25. At all times material hereto, the conduct of Defendant AMUNDSON occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT AMUNDSON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant AMUNDSON, individually, in Count I, Plaintiff states:

26. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 25.

27. Defendant AMUNDSON proximately caused the arrest of Plaintiff in the absence of probable cause that Plaintiff committed any criminal offense.

28. The conduct of Defendant AMUNDSON towards Plaintiff was objectively unreasonable, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause that Plaintiff committed any criminal offense.

29. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great

humiliation, mental suffering, and damaged reputation.

30. As a further direct and proximate result of the conduct of Defendant AMUNDSON, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, and loss of capacity for the enjoyment of life.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

i. Judgment for compensatory damages in excess of $ 15,000 dollars;

ii. Judgment for exemplary damages;

iii. Cost of suit;

iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v. Trial by jury as to all issues so triable; and

vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT AMUNDSON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant AMUNDSON, individually, in Count II, Plaintiff states:

31. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 25.

32. At all times material hereto, it was clearly established law that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill,* 107 S.Ct. 2502, 2510 (1987).

33. At all times material hereto, it was clearly established law that speech directed to

police officers is protected under the First Amendment "against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Id.* at 2009.

34. After Plaintiff agreed to voluntarily leave, he explained to Defendant AMUNDSON that he had his bicycle and backpack, stating: "Let me grab my stuff and I'll leave."

35. Defendant AMUNDSON responded by shoving Plaintiff a second time, whereupon Plaintiff raised his hands above his head (in the universal sign of surrender and submission).

36. Defendant AMUNDSON responded by shoving Plaintiff a second time, whereupon Plaintiff raised his hands above his head (in the universal sign of surrender and submission).

37. Plaintiff was then tackled to the ground, and arrested.

38. The conduct of Defendant AMUNDSON was in retaliation for Plaintiff's protected speech under the First Amendment, and would likely to deter a person of ordinary firmness from the exercise of First Amendment rights. The conduct of Defendant AMUNDSON towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

39. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

40. As a further direct and proximate result of the conduct of Defendant AMUNDSON, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

i. Judgment for compensatory damages in excess of $ 15,000 dollars;

ii. Judgment for exemplary damages;

iii. Cost of suit;

iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v. Trial by jury as to all issues so triable; and

vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT BROWARD SHERIFF'S OFFICE

For his cause of action against Defendant BROWARD SHERIFF'S OFFICE in Count III, Plaintiff states:

41. Plaintiff realleges and adopts, as if fully set forth in Count III the allegations of paragraphs 1 through 25.

42. Defendant AMUNDSON proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

43. The conduct of Defendant AMUNDSON, in causing the arrest of Plaintiff in the absence of probable cause, was taken in the absence of lawful authority. The conduct of Defendant AMUNDSON constitutes false arrest/false imprisonment of Plaintiff under Florida law.

44. The false arrest/false imprisonment of Plaintiff was committed by Defendant AMUNDSON in the course and scope of his employment as a deputy sheriff for Defendant BROWARD SHERIFF'S OFFICE.

45. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and

damaged reputation.

46. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

   i. Judgment for compensatory damages in excess of $ 15,000 dollars;

   ii. Cost of suit;

   iii. Trial by jury as to all issues so triable; and

   iv. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT AMUNDSON, INDIVIDUALLY

For his cause of action against Defendant AMUNDSON, individually, in Count IV Plaintiff states:

47. Plaintiff realleges and adopts, as if fully set forth in Count IV the allegations of paragraphs 1 through 25.

48. Defendant AMUNDSON proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

49. At all times Defendant AMUNDSON had actual knowledge that the temporary restraining order had not been served, but nevertheless arrested Plaintiff in the absence of probable cause. Defendant AMUNDSON then falsely alleged in his police report that the temporary restraining order had been served.

50. The conduct of Defendant AMUNDSON, in causing the arrest of Plaintiff in the

absence of probable cause, was taken in the absence of lawful authority.  The conduct of Defendant AMUNDSON constitutes false arrest/false imprisonment of Plaintiff under Florida law.

51. Alternatively to the allegations set forth in Count III, if the false arrest/false imprisonment of Plaintiff by Defendant AMUNDSON occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant AMUNDSON in his individual capacity.

52. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

53. As a further direct and proximate result of the conduct of Defendant AMUNDSON, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, and loss of capacity for the enjoyment of life.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

    iv. Trial by jury as to all issues so triable; and

    v. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT V
### MALICIOUS PROSECUTION AGAINST DEFENDANT AMUNDSON, INDIVIDUALLY

For his cause of action against Defendant AMUNDSON, individually, in Count V, Plaintiff states:

54. Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of

paragraphs 1 through 25.

55. No reasonably cautious police officer in the position of Defendant AMUNDSON would have concluded upon proper investigation that Plaintiff was guilty-in-fact of any criminal offense.

56. Defendant AMUNDSON, individually, proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by failing to conduct a reasonable investigation under Florida law, and by causing police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

57. The police reports submitted by Defendant AMUNDSON to prosecuting authorities falsely alleged that Plaintiff "turned towards me in a fighting stance" and "resisted efforts to be handcuffed," when in fact, as Defendant AMUNDSON knew, the statements were false and constitute perjury.

58. At all times material hereto, Defendant AMUNDSON knew that his sworn probable cause affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal proceedings against Plaintiff.

59. The conduct of Defendant AMUNDSON, individually, was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff were justified under the laws of the state of Florida.

60. The criminal proceedings instituted or continued by Defendant AMUNDSON reached a bona fide resolution in Plaintiff's favor.

61. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and

damaged reputation, including business reputation/goodwill.

62. As a further direct and proximate result of the conduct of Defendant AMUNDSON, individually, Plaintiff suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights. As a result of the criminal proceedings commenced or continued by Defendant AMUNDSON, it was necessary for Plaintiff to retain the services of a criminal defense attorney to defend himself against the charges instituted or continued by Defendant AMUNDSON.

63. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

64. As a further direct and proximate result of the conduct of Defendant AMUNDSON, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights. As a result of the criminal proceedings commenced or continued by Defendant AMUNDSON, it was also necessary for Plaintiff to retain the services of a criminal defense attorney to pay a reasonable fee for his attorney's professional services.

WHEREFORE, Plaintiff prays:

  i. Judgment for compensatory damages in excess of $ 15,000 dollars;
  ii. Judgment for exemplary damages;
  iii. Cost of suit;
  iv. Trial by jury as to all issues so triable; and

v. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

65. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this   29th   day of November, 2017.

By: *s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone:  (954) 522-1235
Facsimile:   (954) 522-1176
*Attorneys for Plaintiff Donnie Chikezie Leung Tat*